■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABRAHAM SIMPSON, Appellant.— Judgment of the Supreme Court, Kings County, rendered November 2, 1972, and amended February 6, 1973, affirmed. No opinion. Brennan, Benjamin and Munder, JJ., concur; Shapiro, Acting P. J., dissents in the following memorandum with which Cohalan, J., concurs: I dissent and vote for a new trial. Appellant was charged and convicted of various counts of possession and sale of narcotics. The incriminating testimony came from an undercover police officer who testified that he had made purchases of narcotics on two separate occasions from the appellant who had been introduced to him by an informant as " Sonny ". The defense strenuously cross-examined the police officer in an endeavor to discredit his identification pointing out that the purchases were made at night and under poor lighting conditions. At the trial another police officer, Ptl. Indomine was permitted to testify, over objection, that the appellant's nickname, *according to police and F.B.I. records* was " Sonny ". This was clearly error for by that ruling the jury was made aware of the fact that the appellant had a prior criminal record. Thereafter, on summation, after defense counsel remarked on the failure of the People to call the police informer as a witness and sought to have the jury draw an inference that if called he would not corroborate the testimony of the undercover police officer, the prosecutor responded: " It is obvious to you that if the informant came into Court he would be dead. *If this case rested on the — he would have been help to the People. No argument about it,* but was he an essential to the

case. Is any case worth a man's life, and I tell you, no " (emphasis supplied). The defendant is entitled to a new trial. Firstly, Ptl. Indomine should not have been allowed to testify over objection that according to police and F.B.I. records appellant's nickname was " Sonny ". The defendant was on trial for the crime charged in the indictment and if he was guilty he should have been convicted on evidence establishing his guilt of that crime and not by reason of the fact that he had a prior criminal record. Secondly, although no objection was taken to it, the prosecutor's summation remarks cannot be characterized as either fair comment or harmless error. In his remarks he clearly informed the jury that if the police informant had testified, " he would be dead " clearly inferring that that would happen at the hands of or through the instrumentality of the defendant. A more egregious and damaging error cannot be imagined. Furthermore the District Attorney's statement that the testimony of the unproduced informer would have been helpful to the prosecution was clearly error (*People* v. *Thomas*, 43 A D 2d 547; cf. *People* v. *Jackson*, 7 N Y 2d 142; *People* v. *Eanes*, 43 A D 2d 744).